**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PUBLIC CITIZEN and
SIERRA CLUB,

*Plaintiffs,*

v.

VANTAGE DATA CENTERS
MANAGEMENT COMPANY, LLC,
VANTAGE DATA CENTERS TX11, LLC,
VANTAGE DATA CENTERS TX21, LLC,
and VOLTAGRID LLC,

*Defendants.*

No. 5:26-cv-06032-JKP-ESC

**DEFENDANTS VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, AND VANTAGE DATA CENTERS TX21, LLC'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, and Vantage Data Centers TX21, LLC (collectively, the "Vantage Defendants") respectfully move this Court for an order extending the deadline to file a response to Plaintiffs' Motion for Preliminary Injunction [Dkt. 6] from October 8, 2026 to October 29, 2026.

This case presents highly technical questions of Clean Air Act New Source Review applicability, potential-to-emit calculations, source aggregation, assessment of volatile organic compounds, and Texas Commission on Environmental Quality (TCEQ) permitting. Plaintiffs concede that the challenged construction projects have been underway since at least December 2023—almost three years ago. Against that factual timeline, an extension of three weeks is

reasonable, modest, and necessary to ensure that the Court receives a fully developed opposition addressing the technical and factual issues presented.

## BACKGROUND

On September 21, 2026, Plaintiffs Public Citizen and Sierra Club filed a 51-page Complaint alleging violations of the Clean Air Act and the Texas State Implementation Plan arising from the construction and operation of two data center campuses located at 14270 Omicron Drive and 5207 Rogers Road in San Antonio, Texas. [Dkt. 1.] The Complaint is accompanied by voluminous exhibits spanning hundreds of pages, including technical permit registrations, emissions calculations, and numerous member declarations. [Dkt. 1-1 through 1-19.] On the same day, Plaintiffs also filed an Opposed Motion for Preliminary Injunction [Dkt. 6], which is itself 20 pages and accompanied by extensive supporting exhibits totaling over 100 pages, including two expert declarations addressing air quality, emissions modeling, and public health impacts. [Dkt. 6-1 through 6-15.]

The Vantage Defendants were served with process on September 23, 2026. [Dkt. 13, 14, 15.] On September 24, 2026, the Court noted that Plaintiffs had not demonstrated that Defendants received notice of the Motion for Preliminary Injunction and ordered Plaintiffs to file an Advisory informing the Court on the status of notice and the remaining time to respond. [Dkt. 16.] Plaintiffs' subsequent Advisory stated that all Defendants had received notice of the Motion for Preliminary Injunction by September 24, 2026, and thus under W.D. Tex. Civ. R. 7(d)(2), Defendants' response to that motion is due by October 8, 2026. [Dkt. 17 ¶¶ 5-7.]

The Vantage Defendants seek an extension of time to respond to the Motion for Preliminary Injunction. Plaintiffs will not be prejudiced by a brief extension given that the facilities

at issue have been under construction since December 2023—a fact established by Plaintiffs' own pleadings. [Dkt. 1-2 at 6, 16, 18.]

## ARGUMENT

Good cause exists to extend the deadline by approximately three weeks, to October 29, 2026, for the following reasons:

***Need for Declarations and Potential Expert Evidence***. Plaintiffs' Motion for Preliminary Injunction relies heavily on two expert declarations—one addressing air quality and public health impacts and another addressing emissions calculations and permitting—as well as numerous member declarations. To meaningfully oppose the Motion, the Vantage Defendants must gather declarations from their own witnesses who can speak to the actual construction status, operational parameters, and emissions profiles of the facilities at issue, as well as the immense harm that would result from granting Plaintiffs' requested injunction against the continued construction or operation of the facilities. Counsel must also coordinate with co-defendant VoltaGrid LLC to ensure a comprehensive response. The process of identifying appropriate declarants (including potential expert witnesses), conducting interviews, drafting declarations, and obtaining signatures cannot reasonably be completed within 14 days, particularly given the highly technical nature of the allegations.

***Volume and Complexity of the Motion and Exhibits***. The Motion for Preliminary Injunction raises technical questions of Clean Air Act permitting, including issues of source aggregation, potential-to-emit calculations, the proper treatment of formaldehyde as a volatile organic compound, and the interplay between federal and state air quality regulations. The Motion is supported by 15 exhibits totaling over 100 pages, including detailed technical expert opinions that the Vantage Defendants must carefully analyze with their own experts before preparing a

meaningful opposition. Counsel must also simultaneously prepare a response to the Complaint and navigate the procedural posture of a case that was filed only days ago. While the Vantage Defendants had advance notice that Plaintiffs would be filing suit, [*see* Dkt. 1-2], Plaintiffs' Complaint and Preliminary Injunction contain new expert declarations and new allegations and arguments not contained in their July 22, 2026 Notice of Intent to Sue, including arguments regarding the terms of TCEQ's Air Quality Standard Permit for Electric Generating Units, [Dkt. 6 at 13, 20]. Additional time is warranted for the Vantage Defendants to address these new issues.

***No Irreparable Harm to Plaintiffs from a Brief Extension***. Plaintiffs will suffer no prejudice from a brief extension of the response deadline because, by their own admission, the facilities at issue have been under construction since December 2023—nearly three years ago. Specifically, Plaintiffs' Notice of Intent to Sue and Complaint acknowledge that construction of the Rogers Road campus began on **December 11, 2023**, and construction of the Omicron Drive campus began on **December 15, 2023**. [Dkt. 1-2 at 6, 16, 18; Dkt. 1 at ¶¶ 166–168.] Given that Plaintiffs waited nearly three years after construction commenced to seek preliminary injunctive relief, a three-week extension of the response deadline will not cause any cognizable harm. Any claimed urgency is belied by Plaintiffs' own timeline, which demonstrates that a brief extension will not materially alter the status quo or prejudice Plaintiffs' interests.

***This Is the First Request for an Extension***.

This is the Vantage Defendants' first request for an extension of time to respond to the Motion for Preliminary Injunction. The requested extension is reasonable in light of the volume and technical complexity of the filings, the need to gather declarations and expert evidence, and the need to coordinate with co-defendants to present a unified opposition.

## CONCLUSION

For these reasons, the Vantage Defendants respectfully request that the Court enter an order extending the deadline for the Vantage Defendants to respond to Plaintiffs' Motion for Preliminary Injunction [Dkt. 6] from October 8, 2026 to **October 29, 2026**, and granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2026

Respectfully submitted,

*/s/ Christopher V. Popov*

Christopher V. Popov
Texas State Bar No. 24032960
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, TX 77002
Telephone: (713) 758-2636
Facsimile: (713) 615-5033
Email: cpopov@velaw.com

Liane Noble
Texas State Bar No. 24079059
VINSON & ELKINS L.L.P.
200 W. 6th Street, Suite 2500
Austin, TX 78701
Telephone: (512) 542-8429
Facsimile: (512) 236-3256
Email: lnoble@velaw.com

**ATTORNEYS FOR DEFENDANTS VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, AND VANTAGE DATA CENTERS**

**CERTIFICATE OF CONFERENCE**

On September 24, 2026, undersigned counsel spoke with Plaintiffs' counsel by telephone, and Plaintiffs' counsel stated that Plaintiffs oppose an extension. Accordingly, this Motion is opposed.

*/s/ Liane Noble*
Liane Noble

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 29, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

*/s/ Liane Noble*
Liane Noble