IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., SIERRA CLUB, INC.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>VOLTAGRID LLC, VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, VANTAGE DATA CENTERS TX21, LLC,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-26-CV-06032-JKP |

**ORDER**

Before the Court in the above-styled cause of action are Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, and Vantage Data Centers TX21, LLC's Opposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction [#20], Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, and Vantage Data Centers TX21, LLC's Opposed Motion for Extension of Time to File Responsive Pleading [#21], and Defendant Voltagrid LLC's Emergency Opposed Motion for Extension of Time to Respond to Plaintiffs' Opposed Motion for Preliminary Injunction and Complaint [#23]. By their motions, Defendants ask the Court to grant them an extension of time to respond to Plaintiffs' Complaint and Plaintiffs' motion for preliminary injunction.

Defendants' motions are governed by Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, which provides that a Court may extend a deadline for good cause shown.

Defendants assert that Plaintiffs rely on two expert reports and 10 fact witness declarations to support their motion for a preliminary injunction and they need additional time to consult with experts and prepare rebuttal evidence. Defendants believe aligning the deadline to respond to the Complaint with the preliminary injunction response deadline will promote efficiency by permitting coordinated briefing on overlapping issues, such as standing. Plaintiffs argue in their consolidated response [#24] that Defendants have not met their burden to demonstrate good cause because they have not demonstrated that the existing deadlines cannot be met despite their diligence. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (construing the good cause standard in Rule 16(b)(4)). The undersigned disagrees. Defendants' requested extensions are granted because they have shown good cause. Given the Defendants' representations that they need to identify appropriate declarants and potential expert witnesses, conduct interviews, draft declarations, and obtain signatures, a modest extension is warranted.

Further, the requested extensions will not meaningfully prejudice Plaintiffs. Plaintiffs argue that their request for a preliminary injunction must be handled with urgency. Yet the parties agree that construction on the data centers at issue began two years ago. If construction has been ongoing for years, then the delay of few weeks in hearing the preliminary injunction motion will not change the status quo in a significant manner. This inference is bolstered by the fact that Plaintiffs themselves did not file an emergency request for a temporary restraining order prior to filing their motion for a preliminary injunction. Given the ongoing construction and the fact that this is the first requested extension by Defendants, the Court finds that this short delay in the briefing schedule and setting for the preliminary injunction will not meaningfully prejudice Plaintiffs.

Finally, allowing for coordinated briefing is more efficient for both the parties and the Court. The Court will therefore impose one deadline for the Defendants to respond to both the Complaint and the request for a preliminary injunction.

**IT IS THEREFORE ORDERED** that Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, and Vantage Data Centers TX21, LLC's Opposed Motion for Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction [#20], Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, and Vantage Data Centers TX21, LLC's Opposed Motion for Extension of Time to File Responsive Pleading [#21], and Defendant Voltagrid LLC's Emergency Opposed Motion for Extension of Time to Respond to Plaintiffs' Opposed Motion for Preliminary Injunction and Complaint [#23] are **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline for Defendants to file their response to Plaintiffs' Complaint [#1] and Motion for Preliminary Injunction [#6] is extended to **October 29, 2026**.

SIGNED this 2nd day of October, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE