**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PUBLIC CITIZEN and SIERRA CLUB, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | No. 5:26-cv-06032-JKP-ESC |
| VANTAGE DATA CENTERS | § | |
| MANAGEMENT COMPANY, LLC, | § | **Request for Expedited Consideration** |
| VANTAGE DATA CENTERS TX11, LLC, | § | |
| VANTAGE DATA CENTERS TX21, LLC, | § | |
| and VOLTAGRID LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL A RULE 26(f) CONFERENCE AND TO SET CASE MANAGEMENT DEADLINES**

Plaintiffs Public Citizen and Sierra Club move under Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule CV-16(c) for an order requiring the parties to hold their Rule 26(f) conference and to submit a proposed scheduling order. Because the deadline to confer is November 9, 2026, Plaintiffs request expedited consideration and a shortened briefing schedule as Defendants have already stated their positions in writing and for additional reasons stated below.

## INTRODUCTION

Plaintiffs are ready to move this case forward. They allege that Defendants are building and operating on-site power plants and diesel generators for two San Antonio data center campuses without the preconstruction permits required by the Clean Air Act's New Source Review program. ECF No. 35 at 1–2. Since October 29, Plaintiffs have repeatedly asked for a Rule 26(f) conference, offered specific times, sent a detailed outline and proposed schedule, and delivered targeted document requests under Rule 26(d)(2). Both Defendants favor deferring the Rule 26(f) conference

until the pending motions are resolved, have proposed no conference date, and assert that they have not made an "appearance" under the Rules that triggers a Rule 26(f) conference.

The Rules do not let a party excuse itself from the Rule 26(f) obligation. Only the Court can do that. And the delay matters. Both data center campuses are operating and infrared video shows that Defendants are powering their Rogers Road data center campus with trailer-mounted engines lacking any apparent emission controls. What those units are, what they emit, and what authorizes them are facts Defendants hold.

## **BACKGROUND**

1. This case concerns Defendants' two data center campuses in San Antonio, one on Omicron Drive and one on Rogers Road. Each has its own on-site power plant. Defendants own and operate these natural gas-fired plants, known as SAT-1 (Omicron Drive) and SAT-2 (Rogers Road), and they serve the primary power needs of the campuses. ECF No. 35-14 at 2, 34; ECF No. 35-15 at 5, 34, 54; see ECF No. 1-8 at 5. There are also diesel generators for backup. ECF No. 1-7 at 4; ECF No. 1-8 at 4. The power plants use Jenbacher J620 and J624 engines, which are large natural gas-fired engines that generate electricity. ECF No. 35-14 at 34, 43; ECF No. 35-15 at 34.

2. VoltaGrid sought authorization for these plants through registrations with the Texas Commission on Environmental Quality (TCEQ). ECF No. 35-1 at 2–3; ECF No. 35-14 at 6; ECF No. 35-15 at 5. Those registrations presume add-on pollution controls: selective catalytic reduction to reduce nitrogen oxides (NOx), and oxidation catalysts to cut volatile organic compounds (VOC), including formaldehyde. *See* ECF No. 35-14 at 35, 38, 41; ECF No. 35-15 at 35, 39, 41, 57; *see also* ECF No. 35-17 at 2–3 (VoltaGrid's J620 engines in Georgia equipped with "a selective catalytic reduction (SCR) system and an oxidation catalyst"). NOx and VOC form ground-level ozone, and formaldehyde is a toxic VOC. ECF No. 35-15 at 37, 39; 40 C.F.R. § 51.100(s); 30 Tex. Admin. Code § 101.1(116).

3. Plaintiffs filed this action and a motion for preliminary injunction on September 21, 2026. ECF Nos. 1, 6. The Vantage Defendants were served on September 23, and VoltaGrid on September 24. ECF Nos. 13–15; ECF No. 23 at 1–2. By September 29, every Defendant had appeared through counsel and asked the Court for relief. ECF Nos. 20, 21, 23 (motions for extension of time). The Court's October 30 order set November 16 as Defendants' deadline to respond to the Complaint and to Plaintiffs' amended preliminary injunction motion, with briefing on any Rule 12 motion closing December 14. ECF No. 34 at 1–2. That order does not mention Rule 26(f) or the scheduling order. *Id.*

4. On October 29, Plaintiffs asked Defendants to suggest a time for the Rule 26(f) conference and gave Plaintiffs' availability. Ex. A. No Defendant responded to that request.

5. On November 3, Plaintiffs asked again and offered specific times. Ex. B. They also sent a detailed outline of the scheduling and case management order they intend to propose: a full schedule through mediation, plus proposals on written discovery, productions, privilege logs, subpoenas, depositions, authenticity, and experts. *Id.* Plaintiffs invited Defendants to send their own proposal. *Id.* No Defendant responded.

6. On November 5, Plaintiffs asked a third time, offered that day or the next by phone or video, and proposed using the outline as the agenda. Ex. C.[1] The Vantage Defendants then responded for the first time, stating they were "inclined to ask the Court to defer the requirement until after resolution of the motion to dismiss and preliminary injunction motion." *Id.* Plaintiffs opposed deferral and said they were "prepared to have the conference today or tomorrow." *Id.*

---

[1] Plaintiffs' emails refer to both November 6 and November 9. November 6 results if the 60-day period ending Saturday, November 28 is not extended; November 9 results if it is. Because Rule 6(a) applies to "any time period specified in these rules, in any local rule," November 9 is the better reading. Fed. R. Civ. P. 6(a). Defendants have agreed to neither date.

7. Later that day, the Vantage Defendants asserted that their extension motions were "not appearances triggering the Rule 16 clock." Ex. I. They added that they are "amenable to holding the 26f conference at the appropriate time, but that time is not now." *Id.*

8. VoltaGrid responded (also for the first time) that the appearance Rule 16(b)(2) contemplates "is an answer or Rule 12 motion," and that "VoltaGrid will not agree to participate in any Rule 26(f) conference until after the Rule 12 motion is filed." Ex. D. VoltaGrid also joined the Vantage Defendants' position on deferral. *Id.*

9. That evening, Plaintiffs explained why the rules require the conference, offered to address any concern about the timing or scope of discovery at the conference under Rule 26(f)(3)(B), and again offered November 6. Ex. E. As of this filing, no Defendant has agreed to a date, responded to Plaintiffs' request for one final attempt to resolve this issue by agreement.

10. Also on November 5, Plaintiffs delivered their first requests for production under Rule 26(d)(2): six to the Vantage Defendants and eight to VoltaGrid. Exs. F–H. They are confined to core issues in this case: the Vantage–VoltaGrid power agreements; TCEQ submissions concerning emissions and the calculations behind them; installation dates, operating records, and monitoring data for the units at issue; emission testing; and the trailer-mounted units. Exs. G–H. Where possible, they ask only for documents "sufficient to show" a fact. *Id.*

11. The trailer requests address a significant issue at the Rogers Road campus. VoltaGrid's SAT-2 registration lists no trailer-mounted units and describes a permanent facility. ECF No. 35 at 18; ECF No. 35-15 at 8–9, 38. A structure at the site has numerous smokestacks. ECF No. 35-4 ¶ 32. But that smokestack structure is separate from a long row of VoltaGrid trailers, and on September 30 there was no visible shimmer or emissions coming from the smokestacks but there were apparent emissions coming from the area of the trailers. *Id.* ¶¶ 32–34.

12. On October 4, 2026, a survey using optical gas imaging, an infrared video technique that shows emissions invisible to the naked eye, recorded "nine hot VoltaGrid trailer-mounted generators" at Rogers Road from public rights-of-way. ECF No. 35-16, Rep. at 1, 7; ECF No. 35-10 ¶ 30. Their combined plume left the property and crossed State Highway 151 toward Northwest Vista College and Christus Santa Rosa Hospital. ECF No. 35-16, Rep. at 12.




**Rogers Road, Oct. 4, 2026: conventional camera (left); infrared optical gas imaging camera, same location (right). ECF No. 35-10 ¶ 34 & figs. 5–6.**

13. A second view shows the smokestacks and the trailers together. In the infrared image from that vantage point, the plumes rise from low on the site, not from the smokestacks. ECF No. 35-16 figs. 15–16.




**Rogers Road from Highway 151, Oct. 4, 2026: smokestacks with VoltaGrid trailer below (left); infrared image, same vantage point (right). ECF No. 35-16 figs. 15–16.**

14. A Jenbacher J620 engine can carry a roof-mounted exhaust stack with an integrated catalytic converter. ECF No. 35-10 ¶¶ 31–32 & figs. 1–2. VoltaGrid's own published photographs

of its trailer-mounted J620 units, in which the engine and generator sit in a container on a wheeled trailer, show neither. *Id.* ¶ 33 & figs. 3–4.







**Left: generic J620 container with stack and optional catalytic converter. Right: VoltaGrid's published photo of a trailer-mounted unit (not taken at the site). ECF No. 35-10 figs. 2–3.**

15. Plaintiffs' engineering expert found "no visible roof-mounted catalyst housings or stacks" on the units at Rogers Road and concluded that they appear to be operating without the controls VoltaGrid's registration assumes. ECF No. 35-10 ¶¶ 34–35. Thus, these are either registered engines apparently running without controls, or additional engines that were never authorized. ECF No. 35 at 18. Without controls, a J620 engine emits roughly 33 times the NOx, 16 times the VOC, and 21 times the formaldehyde VoltaGrid represented in its registrations to TCEQ. *Id.* And because SAT-2 is the Rogers Road campus's primary power source, ECF No. 35-10 ¶¶ 10, 20, these trailer-mounted units apparently are the on-site power plant now supplying the Rogers Road data center.

## <u>ARGUMENT</u>

### I. THE PARTIES MUST CONFER BY NOVEMBER 9, 2026.

Unless the court orders otherwise, "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Absent good cause for delay, the scheduling order is due "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The Local Rules place a parallel duty on the parties: "[n]ot later than 60 days after any appearance of any defendant, the parties

shall submit a proposed scheduling order," and they "first shall confer as required by Rule 26(f)." W.D. Tex. Civ. R. CV-16(c). Sixty days after September 29 is Saturday, November 28, which moves to Monday, November 30. Fed. R. Civ. P. 6(a)(1)(C). Twenty-one days before that is November 9.

Defendants' contrary reading conflicts with the Rules' text. The rules say "any defendant has appeared" and "any appearance of any defendant," not "answered" or "moved under Rule 12." Plaintiffs have found no decision construing the terms in these rules, but the Fifth Circuit's Rule 55 standard is informative: a defendant appears when its actions "give the plaintiff a clear indication that the defendant intends to pursue a defense" and are "responsive to the plaintiff's formal Court action." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (quotation omitted). Signed motions asking this Court for relief meet that test. ECF Nos. 20, 21, 23.

The 1993 Committee Note also does not support Defendants' position. The parenthetical, "whether by answer or by a motion under Rule 12," described a since-amended rule and states those filings are sufficient without more. Fed. R. Civ. P. 16 advisory committee's note to 1993 amendment. Moreover, it does not address the Local Rule and its stated concern was that a defendant be "available to participate in the process of formulating the scheduling order." *Id.* Defendants, who negotiated a joint briefing schedule with Plaintiffs less than two weeks ago are certainly "available." ECF No. 32.

Even on Defendants' reading, deferral is inappropriate. Rule 16(b)(2) runs from the *earlier* of appearance or service. Ninety days after September 23 is December 22, so the parties would have to confer by December 1. Fed. R. Civ. P. 16(b)(2), 26(f)(1). Rule 12 briefing does not close

until December 14. ECF No. 34 at 2. Thus, under any reading, the 26(f) conference must be held before the motions are resolved.

## II. A PLANNED MOTION TO DISMISS DOES NOT SUSPEND THE CONFERENCE.

Rule 26(f)(1) excuses the conference only "when the court orders otherwise." No order has done so, and no Defendant has sought one. What Defendants really propose is a stay of discovery. *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867 (N.D. Tex. May 15, 2014), rejected the same position on stronger facts. There, the plaintiffs moved to compel a 26(f) conference where and the defendants refused to participate until the court ruled on their Rule 12(b)(6) motion. *Id.* at *1. The Court granted the motion. *Id.* at *1, *3. The court explained that the defendants "essentially ask the Court to stay discovery—even if they never expressly say so." *Id.* at *1. But "no federal rule, statute, or binding case law applies here to automatically stay discovery," and "[f]iling a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved." *Id.* at *2. A stay "is the exception rather than the rule," and "[h]ad the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect." *Id.* (quoting *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)) (internal quotation marks omitted).

This case is easier. In *Escareno*, the motion to dismiss was fully briefed, the defendants called a ruling imminent, and they offered to confer within a week after it. *Id.* at *1. The court still required the conference because they had "not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case." *Id.* at *3. Here, no Rule 12 motion has been filed, briefing will not close until December 14, ECF No. 34 at 2, and Defendants would wait for rulings on two motions with no end date. No Defendant has tried to establish good cause, such as "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Nor may Defendants simply wait for the last permissible day. The parties must confer "as soon as practicable," and the 21-day date is only the outer limit. *Escareno*, 2014 WL 1976867, at *3 (citing Fed. R. Civ. P. 26(f)(1)).

Scheduling the 26(f) as required by the Rules does not prejudice Defendants. They do not waive their Rule 12 arguments or objections to Plaintiffs' requests, and they may still seek a stay on a proper showing. If they believe the pending motions should shape discovery, the 26(f) conference is the place to say so. The parties can agree on "a discovery plan that stages discovery" around their motions. *Id.* at *2; Fed. R. Civ. P. 26(f)(3)(B). And no burden is immediate. As in *Escareno*, no discovery responses would be due for weeks. 2014 WL 1976867, at *3. Responses to Plaintiffs' requests are due 30 days after the conference, when Rule 12 briefing will be complete or nearly so. Fed. R. Civ. P. 34(b)(2)(A); ECF No. 34 at 2.

## III. PLAINTIFFS ARE READY TO PROCEED, AND DELAY PREJUDICES THEM.

Plaintiffs have complied with the Rules' requirements. Their November 3 outline gives Defendants a clear starting point: initial disclosures, a proposed protective order, and a protocol for electronically stored information within 14 days after the conference; substantial completion of document productions 90 days after the scheduling order; and the close of fact discovery at 180 days. Ex. B. It proposes limits on interrogatories, requests for admission, and depositions, and addresses privilege logs, non-party subpoenas, authenticity, and experts. *Id.* Plaintiffs invited Defendants' own proposal and offered to discuss the outline before or at the conference. *Id.* If the parties still disagree, the Local Rule provide that each side states its position and reasons, and the Court will decide. W.D. Tex. Civ. R. CV-16(c). The rules do not allow for the conference not to happen.

Discovery cannot begin until the parties confer. Fed. R. Civ. P. 26(d)(1). Plaintiffs' requests are considered served at the conference, and responses are due 30 days later. Fed. R. Civ. P.

26(d)(2)(B), 34(b)(2)(A). Each day Defendants refuse to confer therefore postpones answers about, among other things, what appear to be significant uncontrolled emissions with offsite impacts, while Plaintiffs' preliminary injunction motion is pending. ECF No. 35 at 11, 18. Only Defendants have (or should have) operating records and monitoring data that show what these units are, whether and to what extent they are controlling emissions, and other information highly relevant to the claims in this case. The 2015 amendments sought to "reduce delay at the beginning of litigation." Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment. Deferring the conference until the motions are resolved would undermine the amendments.

## RELIEF REQUESTED

Plaintiffs request expedited briefing and consideration of this motion and an order: (1) requiring the parties to hold the Rule 26(f) conference within one day after entry of the Court's order; (2) requiring the parties, within 14 days after the conference, to file their Rule 26(f) report and proposed scheduling order, stating each party's position and reasons for any disagreement, W.D. Tex. Civ. R. CV-16(c); (3) providing that neither Defendants' anticipated Rule 12 motion nor Plaintiffs' pending preliminary-injunction motion defers these obligations absent a further order based on good cause; and alternatively (4) if the Court postpones the 26(f) conference, Plaintiffs request that the Court open fact discovery and that Plaintiffs' existing requests be deemed served.

Dated: November 6, 2026

Respectfully submitted,

/s/ Kenneth J. Rumelt
Kenneth J. Rumelt (VT Bar No. 4801)*
Environmental Integrity Project
888 17th St., NW, Suite 810
Washington, D.C. 20006
krumelt@environmentalintegrity.org
Phone: 202-888-2707

Gabriel Clark-Leach (TX Bar No. 24069516)
Environmental Integrity Project
98 San Jacinto Blvd., Suite 400
Austin, Texas 78701
gclark-leach@environmentalintegrity.org
Phone: 202-263-4440

*Attorneys for Plaintiffs*
* Admitted pro hac vice

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g) and Section 2(b) of the Court's Standing Order (ECF No. 11 at 2), counsel for Plaintiffs conferred with counsel for the Vantage Defendants and counsel for VoltaGrid LLC by email on October 29, November 3, and November 5, 2026. No agreement could be reached. Both Defendants favor deferring the Rule 26(f) conference until the pending motions are resolved, have proposed no conference date, and assert that they have not made an "appearance" under the Rules that triggers a Rule 26(f) conference. Plaintiffs oppose deferral and remain ready to confer. VoltaGrid also stated that it will not participate in a conference until after it files its Rule 12 motion. Plaintiffs understand that Defendants oppose this motion and expedited briefing and consideration.

/s/ Kenneth J. Rumelt
Kenneth J. Rumelt

**INDEX OF EXHIBITS**

| | |
|---|---|
| Ex. A | Email from K. Rumelt to counsel (Oct. 29, 2026) |
| Ex. B | Email from K. Rumelt to counsel with proposed schedule and outline (Nov. 3, 2026) |
| Ex. C | Email chain among K. Rumelt, L. Noble, and D. Terry (Nov. 5, 2026) |
| Ex. D | Email from D. Terry to K. Rumelt (Nov. 5, 2026) |
| Ex. E | Email from K. Rumelt to D. Terry and L. Noble (Nov. 5, 2026) |
| Ex. F | Email from K. Rumelt delivering first requests for production (Nov. 5, 2026) |
| Ex. G | Plaintiffs' First Requests for Production to the Vantage Defendants (Nov. 5, 2026) |
| Ex. H | Plaintiffs' First Requests for Production to VoltaGrid LLC (Nov. 5, 2026) |
| Ex. I | Email from L. Noble to K. Rumelt and D. Terry (Nov. 5, 2026) |

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Kenneth J. Rumelt
Kenneth J. Rumelt

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PUBLIC CITIZEN and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 5:26-cv-06032-JKP-ESC |

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Opposed Motion to Compel a Rule 26(f) Conference and to Set Case Management Deadlines (ECF No. ___). Having considered the motion and any response, the Court GRANTS the motion. It is therefore ORDERED that:

1. The parties shall hold the conference required by Federal Rule of Civil Procedure 26(f) within one day of this Order. The conference may be held by telephone or video.

2. Within 14 days after the conference, the parties shall file the report required by Rule 26(f)(2) and a proposed scheduling order in the form required by Local Rule CV-16(a). If the parties disagree on any matter, the submission shall state each party's position and the reasons for the disagreement. W.D. Tex. Civ. R. CV-16(c).

3. Neither Defendants' anticipated Rule 12 motion nor Plaintiffs' pending motion for preliminary injunction defers these obligations. Any party seeking to stay discovery or extend these deadlines must file a motion showing good cause.

4. Fact discovery shall be deemed open one day after the entry of this Order.

It is so ORDERED.

SIGNED this ____ day of _______________, 2026.

_________________________________
ELIZABETH S. CHESTNEY
UNITED STATES MAGISTRATE JUDGE