***Public Citizen, et al. v. Vantage Data Centers Management Company, LLC, et al.***
**No. 5:26-cv-06032-JKP-ESC**

**Plaintiffs Public Citizen and Sierra Club's Mot. to Compel Rule 26(f) Conference**

**Exhibit B**
**Email from K. Rumelt to Counsel with Proposed Schedule and Outline (Nov. 3, 2026)**

**From:** Ken Rumelt
**Sent:** Tuesday, November 3, 2026 4:51 PM
**To:** Noble, Liane <lnoble@velaw.com>; Terry, David <dterry@hunton.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Traylor, Patrick <ptraylor@velaw.com>; Johnson, Joshua <joshjohnson@velaw.com>; Dotson, Braden <bdotson@hunton.com>; Nommensen, Leah <leahnommensen@hunton.com>; Rosser, Brent <brosser@hunton.com>; Gabriel Clark-Leach <gclark-leach@environmentalintegrity.org>
**Subject:** Public Citizen v. Vantage Data Centers, No. 5:26-cv-06032: Plaintiffs' proposed scheduling order

---

Counsel,

First, I have not heard back from anyone about the 26(f) conference. We need to lock in a date and time. Again, Gabriel and I are now available for a conference on Thursday from 12:00 noon to 2pm, or Friday after 12:00 noon central time.

Second, this email conveys the main points of the scheduling and case management order Plaintiffs intend to propose. We'd like to work through them with you at the conference to narrow any disagreements before we submit a proposal to the Court.

1. Overview.
    - Most deadlines run from the date the Court enters the order ("X"). The settlement-offer deadlines are fixed calendar dates.
    - The calendar dates below assume the order is entered around December 7, 2026, and are adjusted for weekends and holidays.
    - The parties may agree to extend discovery deadlines without a court order, as long as no other deadline or the trial setting moves.
    - Any other extension requires a filed stipulation or a motion showing good cause.
2. Near-term items.
    - Initial disclosures, a proposed protective order, and an ESI protocol are due by November 20, 2026 (14 days after the Rule 26(f) conference).
3. Proposed schedule.

| Event | Deadline | Date (if entered Dec. 7, 2026) |
|---|---|---|
| Initial disclosures | 14 days after Rule 26(f) conference | Nov. 20, 2026 |
| Proposed protective order and ESI protocol | 14 days after Rule 26(f) conference | Nov. 20, 2026 |
| Scheduling order entered | X | Dec. 7, 2026 |
| Plaintiffs' written settlement offer | Fixed date | Dec. 9, 2026 |

| | | |
|---|---|---|
| Defendants' written response to settlement offer | Fixed date | Dec. 23, 2026 |
| Confer on stipulations of fact | X + 45 | Jan. 21, 2027 |
| Substantial completion of document productions | X + 90 | Mar. 8, 2027 |
| Close of fact discovery | X + 180 | June 7, 2027 |
| Joint ADR notice (method, provider, compensation, completion date) | X + 185 | June 10, 2027 |
| Motions to amend pleadings or join parties | X + 189 | June 14, 2027 |
| Plaintiffs' expert designations and reports | X + 203 | June 28, 2027 |
| Defendants' expert designations and reports (including any rebuttal) | X + 224 | July 19, 2027 |
| Plaintiffs' rebuttal expert reports | X + 238 | Aug. 2, 2027 |
| Close of expert discovery | X + 252 | Aug. 16, 2027 |
| Daubert motions, all parties | X + 260 | Aug. 24, 2027 |
| Motion objecting to ADR (60 days before mediation deadline) | X + 270 | Sept. 3, 2027 |
| Daubert responses | X + 274 | Sept. 7, 2027 |
| Daubert replies | X + 281 | Sept. 14, 2027 |
| Summary-judgment motions, all parties | X + 288 | Sept. 21, 2027 |
| Summary-judgment responses | X + 309 | Oct. 12, 2027 |
| Summary-judgment replies | X + 316 | Oct. 19, 2027 |
| Mediation completed; mediator files notice of outcome | X + 330 | Nov. 2, 2027 |
| Joint settlement status report | X + 337 | Nov. 9, 2027 |
| Supplemental expert reports (Rule 26(e)(2)) | At least 30 days before trial | — |

4. Serving written discovery.

- Discovery must be served early enough that responses come due before fact discovery closes.
- The parties consent to email service. Service is effective when sent, with no 3 days added.

5. Interrogatory and RFA limits.

- The parties form three groups: Plaintiffs, the three Vantage entities, and VoltaGrid.
- Plaintiffs may serve 25 interrogatories and 30 RFAs on each Defendant group, and each Defendant group may serve the same number on Plaintiffs.
- Each group answers jointly, with verification for each member. The answers bind every member and note any differences among them.

- A question asked about each group member, facility, engine or registration counts as one question.
- RFAs asking only whether a document is authentic or a business record don't count toward the limit.

6. Responses and objections.

- Responses are due 30 days after service.
- Objections must be specific and must say whether anything is being withheld because of them.

7. Document productions.

- Productions are rolling, at least weekly, beginning when the written response is due.
- Production is substantially complete within 45 days of each request.
- A party that will miss a production deadline gives prompt notice of what remains and a firm completion date.
- The parties may agree to extend these dates.

8. Privilege logs.

- A log is due with the written response, or within 14 days after it or after each rolling production.
- No log is needed for litigation-related communications with counsel, or for work product, dated on or after July 22, 2026 (the date of the notice of intent to sue).
- Everything earlier must be logged, as must anything about the permitting, design, financing, construction or operation of the facilities.
- Discovery responses are supplemented promptly.

9. Subpoenas to non-parties.

- There is no cap on document subpoenas.
- Each subpoena is shared with all parties before it is served and allows at least 14 days to comply.
- The parties confer before any motion to enforce or quash.
- Whoever receives a non-party production shares exact copies with all parties within 7 days, Bates-numbered where possible.

10. Depositions.

- Limits: 10 fact depositions per side, 7 hours each, on at least 10 days' notice.
- Rule 30(b)(6): each notice counts as one deposition, but each designee gets a separate 7 hours.
- TX11, TX21 and Vantage Data Centers Management Company count as one for the deposition limit. A single Rule 30(b)(6) notice is served on all three, and the testimony of their designees, counts as one deposition.

- Not counted toward the limit: expert depositions and depositions to authenticate documents.
- Remote depositions are allowed, with basic rules for oaths and communications.
- One deposition per witness unless that witness is designated as a corporate representative.
- Defendants coordinate their notices and divide their examination time between them.

11. Authenticity and business records.

- Documents a party or non-party produces from its own files are presumed authentic and presumed to be business records.
- Records from TCEQ, EPA or other agencies, including records obtained through public-records or FOIA requests, are presumed authentic.
- A challenge requires a specific, good-faith written objection, made in the summary-judgment response or reply or by the pretrial deadline for exhibit objections.
- All other objections are preserved.

12. Experts.

- Within 7 days after a report is served, the serving party produces everything the expert considered, including models and spreadsheets in native format.
- Each side pays its own experts for time spent responding to discovery. This doesn't affect fee recovery under the Clean Air Act.
- Supplemental reports may not add new opinions.
- Expert challenges must be made by Daubert motion by the Daubert deadline, not for the first time in summary-judgment briefing.

We're happy to discuss any of these before or at the conference. If you have your own proposal, please send it so we can compare drafts.

**Kenneth J. Rumelt (he/him)**
Senior Attorney
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 888-2707
environmentalintegrity.org

Admitted only in Vermont; Practicing under Rule 49(c)(8) under the supervision of a D.C. Bar member; D.C. Bar Application Pending.

EIP ENVIRONMENTAL INTEGRITY PROJECT

Although I may send an email after working hours, I do not expect you to respond during personal time.