***Public Citizen, et al. v. Vantage Data Centers Management Company, LLC, et al.***
**No. 5:26-cv-06032-JKP-ESC**

**Plaintiffs Public Citizen and Sierra Club's Mot. to Compel Rule 26(f) Conference**

**Exhibit E**
**Email from K. Rumelt to D. Terry and L. Noble (Nov. 5, 2026)**

**From:** Ken Rumelt <KRumelt@environmentalintegrity.org>
**Sent:** Thursday, November 5, 2026 10:13 PM
**To:** Terry, David <dterry@hunton.com>; Noble, Liane <lnoble@velaw.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Traylor, Patrick <ptraylor@velaw.com>; Johnson, Joshua <joshjohnson@velaw.com>; Dotson, Braden <bdotson@hunton.com>; Nommensen, Leah <leahnommensen@hunton.com>; Rosser, Brent <brosser@hunton.com>; Gabriel Clark-Leach <gclark-leach@environmentalintegrity.org>
**Subject:** Re: Public Citizen v. Vantage Data Centers, No. 5:26-cv-06032: Rule 26(f) Conference

---

Liane and David,

I wish you would have timely raised these issues after my October 29 or November 3 emails. Now we are dealing with it at the eleventh hour.

With respect, both of your positions are incorrect, and there is in fact a "deadline" to hold a Rule 26(f) conference. I've provided a detailed outline of the issues to address at the conference along with a proposed schedule, and Plaintiffs remain prepared to hold the conference tomorrow.

Liane's emails today say Defendants are "inclined to ask the Court to defer" the Rule 26(f) conference "until after resolution of the motion to dismiss and preliminary injunction motion," and ask whether Plaintiffs would consider an adjustment. Plaintiffs oppose deferral, and the Local Rules require the parties to confer now. David's email today states that VoltaGrid will "not participate in any Rule 26(f) conference until after the Rule 12 motion is filed." This position conflicts with the Federal and Local rules.

Local Rule CV-16(c) sets the deadline. "Not later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court," and they "first shall confer as required by Rule 26(f)." W.D. Tex. Civ. R. CV-16(c). That duty belongs to the parties. It runs from "any appearance" of "any defendant." It does not say an answer, a responsive pleading, or a Rule 12 motion, and it has no exception for a pending or planned motion. This case is not exempt under CV-16(b).

Defendants appeared by September 29 when Defendants filed ECF Nos. 20, 21, and 23, each signed by counsel and each asking the Court for relief in this case. Those filings are appearances.

Defendants' reliance on the 1993 Advisory Committee note is misplaced. First, the Note does not interpret this Court's Local Rule, which is deliberately broad. Second, the Note's parenthetical "whether by answer or by a motion under Rule 12" clarifies that a Rule 12 motion is sufficient even though it is not a responsive pleading; it does not hold that other filings are insufficient, and nothing in it addresses motions for extension of time. Third, the Note's stated rationale is that a defendant be "available to participate in the process of formulating the

scheduling order." Defendants have filed motions seeking relief from the Court and are clearly "available to participate."

Any concern about the timing or scope of discovery while the motions are pending belongs at the conference. Rule 26(f)(3)(B) directs the parties to address "whether discovery should be conducted in phases or be limited to or focused on particular issues," and we are prepared to discuss that in good faith.

Gabriel and I remain available tomorrow after 12:00 noon central time. Please pick a time for the conference or to confer in a good faith attempt to resolve this matter by agreement.

Ken

**Kenneth J. Rumelt (he/him)**
Senior Attorney
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 888-2707
environmentalintegrity.org

Admitted only in Vermont; Practicing under Rule 49(c)(8) under the supervision of a D.C. Bar member; D.C. Bar Application Pending.

ENVIRONMENTAL INTEGRITY PROJECT

Although I may send an email after working hours, I do not expect you to respond during personal time.

---

**From:** Terry, David <DTerry@hunton.com>
**Sent:** Thursday, November 5, 2026 5:25 PM
**To:** Ken Rumelt <KRumelt@environmentalintegrity.org>; Noble, Liane <lnoble@velaw.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Traylor, Patrick <ptraylor@velaw.com>; Johnson, Joshua <joshjohnson@velaw.com>; Dotson, Braden <bdotson@hunton.com>; Nommensen, Leah <leahnommensen@hunton.com>; Rosser, Brent <brosser@hunton.com>; Gabriel Clark-Leach <gclark-leach@environmentalintegrity.org>
**Subject:** RE: Public Citizen v. Vantage Data Centers, No. 5:26-cv-06032: Rule 26(f) Conference

Hi Ken,

There is no Rule 26(f) conference "deadline" tomorrow. The appearance contemplated by Rule 16(b)(2) is an answer or Rule 12 motion – neither of which have been filed in this matter. To be explicitly clear, VoltaGrid will not agree to participate in any Rule 26(f) conference until after the Rule 12 motion is filed. In addition, VoltaGrid agrees with Vantage's position that a Rule 26(f) conference should be deferred until after the preliminary injunction and motion to dismiss are resolved.

Thank you,

David

**David Terry**
Counsel
dterry@hunton.com
p +1 713 220 3667
m REDACTED
**Hunton.com**

---

**From:** Ken Rumelt <KRumelt@environmentalintegrity.org>
**Sent:** Thursday, November 5, 2026 11:08 AM
**To:** Noble, Liane <lnoble@velaw.com>; Terry, David <DTerry@hunton.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Traylor, Patrick <ptraylor@velaw.com>; Johnson, Joshua <joshjohnson@velaw.com>; Dotson, Braden <bdotson@hunton.com>; Nommensen, Leah <leahnommensen@hunton.com>; Rosser, Brent <brosser@hunton.com>; Gabriel Clark-Leach <gclark-leach@environmentalintegrity.org>
**Subject:** Public Citizen v. Vantage Data Centers, No. 5:26-cv-06032: Rule 26(f) Conference

**This Message Is From An External Sender**
Hunton Andrews Kurth warning: This message came from outside the firm.

Liane and David,

I'm following up on my October 29 and November 3 emails regarding the Rule 26(f) conference. I have not received a response, and we need to schedule the conference.

Rule 26(f) requires the parties to confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Defendants first appeared on September 29 (ECF Nos. 20, 21, 23), making the scheduling order and proposed scheduling order due on November 30. Fed. R. Civ. P. 16(b)(2); W.D. Tex. Civ. R. CV-16(c).

I previously calculated the Rule 26(f) deadline as November 6. On further review, the conference must occur no later than Monday, November 9. The Court's October 30 order (ECF No. 34) did not alter these deadlines.

Gabriel and I are available today until 2:00 p.m. Central, or tomorrow at any time after 12:00 p.m. Central. I'm not sure what our availability will be on Monday.

We are happy to meet by phone or Teams and will circulate an invitation. We can use the outline from my November 3 email as the agenda.

Please let us know by 5:00 p.m. Central today which of these times works for you. If the parties are unable to conduct the Rule 26(f) conference by Monday, we will need to bring the issue to Judge Chestney's attention.

Best, Ken

**Kenneth J. Rumelt (he/him)**
Senior Attorney
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 888-2707
environmentalintegrity.org

Admitted only in Vermont; Practicing under Rule 49(c)(8) under the supervision of a D.C. Bar member; D.C. Bar Application Pending.

EIP ENVIRONMENTAL INTEGRITY PROJECT