**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PUBLIC CITIZEN and
SIERRA CLUB,

*Plaintiffs,*

v.

VANTAGE DATA CENTERS
MANAGEMENT COMPANY, LLC,
VANTAGE DATA CENTERS TX11, LLC,
VANTAGE DATA CENTERS TX21, LLC,
and VOLTAGRID LLC,

*Defendants.*

No. 5:26-cv-06032-JKP-ESC

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR PROTECTIVE ORDER [DKT. 37]**

Plaintiffs ask the Court to order the parties to hold a Rule 26(f) conference and open fact discovery immediately. [Dkt. 36 at 10.] Defendants request a protective order deferring the Rule 26(f) conference and any obligation to respond to Plaintiffs' discovery requests until the Court rules on Defendants' Motion to Dismiss [Dkt. 41] and Plaintiffs' Amended Motion for Preliminary Injunction [Dkt. 35]—or, at a minimum, that the Court decline to impose those obligations before the Federal Rules and Local Rules require. [Dkt. 37 at 1, 7.]

The question before the Court is procedural: whether the parties' Rule 26(f) obligations should be accelerated now, or deferred until the Court resolves the threshold motions that at minimum will frame the case, and could result in dismissal with prejudice of all of Plaintiffs' claims, obviating any need for a Rule 26(f) conference or discovery.

On November 16, 2026, Defendants filed their Joint Motion to Dismiss [Dkt. 41] and their responses in opposition to Plaintiffs' Amended Motion for Preliminary Injunction [Dkts. 42, 43]. The Rule 26(f) period has therefore now begun to run, but it has not expired. Measured from Defendants' November 16 appearance, Local Rule CV-16(c) requires a proposed scheduling order no later than January 15, 2027, and the Rule 26(f) conference no later than 21 days before that date, or December 24, 2026. *See* Fed. R. Civ. P. 6(a), 26(f)(1); W.D. Tex. Civ. R. CV-16(c).

Plaintiffs' reply offers no reason to accelerate Defendants' discovery obligations or to deny deferral. Instead, Plaintiffs devote much of their reply to the merits of issues not even addressed in their Complaint—arguing that VoltaGrid's trailer-mounted units are not nonroad engines, parsing the language of 40 C.F.R. § 1068.30, and relying on an out-of-district decision that resolved a "mobile source" question on the merits. [Dkt. 38 at 4–5.] Those arguments go to an unpleaded theory of a potential, alleged Clean Air Act violation, not to when discovery should begin.

Defendants disagree with Plaintiffs' theory. As Defendants' response explained, VoltaGrid's units are temporary nonroad engines governed by a separate federal regime, outside the stationary-source framework on which Plaintiffs' claims rest. [Dkt. 37 at 4–5 (citing 42 U.S.C. §§ 7411(a)(3), 7602(z); 40 C.F.R. §§ 1048.1(a), (c), 1068.1(a)(10), 1068.30).] And Plaintiffs are wrong that Defendants "do not dispute" their characterization of the units [Dkt. 38 at 1, 4]; declining to litigate every factual assertion in a discovery-scheduling brief is not a concession. VoltaGrid addressed this issue more fully in its Response to the Amended Motion for Preliminary Injunction [Dkt. 43-1 at 19.] But the Court need not resolve that dispute now. A contested merits theory—particularly one directed at units the Complaint never mentions—is not a basis to

accelerate discovery or to deny deferral. Plaintiffs identify nothing about that theory that requires compressing the schedule the Federal Rules and Local Rules otherwise provide.

## CONCLUSION

For these reasons and those in Defendants' Motion/Response [Dkt. 37], Defendants respectfully request that the Court grant their Motion for Protective Order and deny Plaintiffs' Motion to Compel [Dkt. 36].

Dated: November 17, 2026

Respectfully submitted,

*/s/ Christopher V. Popov*
Christopher V. Popov
Texas State Bar No. 24032960
VINSON & ELKINS L.L.P.
845 Texas Avenue, Suite 4700
Houston, TX 77002
Telephone: (713) 758-2636
Facsimile: (713) 615-5033
Email: cpopov@velaw.com

Patrick D. Traylor
Texas State Bar No. 791811
Joshua S. Johnson (admitted *pro hac vice*)
Texas State Bar No. 24070002
VINSON & ELKINS L.L.P.
2200 Pennsylvania Ave. NW
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6544
Facsimile: (202) 639-6604
Email: ptraylor@velaw.com
Email: joshjohnson@velaw.com

Liane Noble
Texas State Bar No. 24079059
VINSON & ELKINS L.L.P.
200 W. 6th Street, Suite 2500
Austin, TX 78701
Telephone: (512) 542-8425
Facsimile: (512) 236-3256
Email: lnoble@velaw.com

**ATTORNEYS FOR DEFENDANTS VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, AND VANTAGE DATA CENTERS TX21, LLC**

**HUNTON ANDREWS KURTH LLP**

*/s/ David A. Terry*
David A. Terry
Texas State Bar No. 24079447
Leah B. Nommensen
Texas State Bar No. 24101573
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
dterry@Hunton.com
leahnommensen@Hunton.com

Braden L. Dotson
Texas State Bar No. 24120808
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Facsimile: (214) 880-0011
bdotson@hunton.com

Brent A. Rosser (admitted *pro hac vice*)
North Carolina State Bar No. 28781
101 S. Tyron Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Facsimile: (704) 378-4890
brosser@hunton.com

Danica Milios
Texas State Bar No. 00791261
Ryan Clinton
Texas State Bar No. 24027934
500 West 5th Street
Suite 1350
Austin, TX 78701
Telephone: (512) 542-5068
dmilios@hunton.com
rclinton@hunton.com

*Counsel for Defendant VoltaGrid LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 17, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

*/s/ Liane Noble*
Liane Noble