**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**PUBLIC CITIZEN, INC., SIERRA CLUB, INC.,**

***Plaintiffs*,**

**v.**

**Case No. 5:26-CV-06032-JKP**

**VOLTAGRID LLC, VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, VANTAGE DATA CENTERS TX21, LLC,**

***Defendants*.**

# ORDER

Before the Court is Defendants Vantage Data Centers Management Company, LLC, Vantage Data Centers TX11, LLC, Vantage Data Centers TX21, LLC, and VoltaGrid LLC's (collectively, "Defendants") Notice of Constitutional Question. *ECF No. 45*.

Federal Rule of Civil Procedure 5.1 provides:

> (a) A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if
>
> (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; . . . and
>
> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned. . . either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

> (b) . . . The court must, under 28 U.S.C. § 2403, certify to the appropriate attor-ney general that a statute has been questioned.
>
> (c) . . . Unless the court sets a later time, the attorney general may intervene with-in 60 days after the notice is filed or after the court certifies the challenge, which ever is earlier. . . .

Fed. R. Civ. P. 5.1.

In this case, Defendants advise filings in this matter "draw into question the constitutionality of the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604. In their motion to dismiss filed on November 16, 2026, Defendants contend that § 7604 violates Article II of the U.S. Constitution and the private nondelegation doctrine—at least where, as in this case, associations are suing under § 7604 in a representative capacity on behalf of their members and thus have not suffered a direct injury and do not otherwise have a direct stake in the action. Defendants have also incorporated that argument from their motion to dismiss into their contemporaneously filed oppositions to Plaintiffs' motion for a preliminary injunction." *ECF No. 45*. The government has not (yet) intervened, such that it is not a party to the case within the meaning of Rule 5.1. Thus, out of an abundance of caution—given that "the duties to certify the question and notify the attorney general are nondiscretionary," *Greer v. Dall. IVF1, Pllc*, No. 4:26-CV-389-SDJ-BD, 2026 WL 1506582, at *1 (E.D. Tex. May 27, 2026)—the Court certifies the constitutional question to the United States Attorney General.

Accordingly, it is **ORDERED** that the Clerk of the Court **CERTIFY** the constitutional question presented in this case to the United States Attorney General in accordance with Rule 5.1(b). It is further **ORDERED** that, within 30 days of the entry of this Order, Defendants serve a copy of its Notice of Constitutional Questions ,(*ECF No. 45*), on the United States Attorney General, pursuant to Rule 5.1(a)(2).

It is so **ORDERED**.
SIGNED this 18th day of November, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE