**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PUBLIC CITIZEN and SIERRA CLUB, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, VANTAGE DATA CENTERS TX21, LLC, and VOLTAGRID LLC, | § | No. 5:26-cv-06032-JKP-ESC |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LIMITED EXPEDITED DISCOVERY ON ISSUES RAISED IN THE PRELIMINARY-INJUNCTION BRIEFING AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs Public Citizen and Sierra Club move under Federal Rules of Civil Procedure 26(d)(1) and 34(b)(2)(A) for limited, expedited document discovery on the issues briefed on their Amended Motion for Preliminary Injunction, ECF No. 35. The Court has set that motion for hearing on December 15, 2026. ECF No. 50.

Defendants' November 16 responses to the motion rest on facts only Defendants can see: unrecorded conversations with Texas Commission on Environmental Quality ("TCEQ") staff, excerpts of stack-test reports, and trailer-mounted engines they have not identified. Plaintiffs ask the Court to order responses to twelve of the document requests they delivered on November 5, 2026, and to one narrow supplemental request, in time for Plaintiffs to identify them as exhibits by the Court's December 11, 2026 deadline for new hearing exhibits. ECF No. 52 at 3.

Under the ordinary schedule, responses to these requests would arrive in late January 2027, more than a month after the hearing. Unless Defendants produce the documents well before December 11, Plaintiffs cannot use them at the hearing at all.

## BACKGROUND

**Plaintiffs' requests.** On November 5, 2026, Plaintiffs delivered early requests for production under Rule 26(d)(2): six to the Vantage Defendants and eight to VoltaGrid. ECF Nos. 36-6, 36-7, 36-8. They seek the agreements between Vantage and VoltaGrid (Request No. 1 to each Defendant); Defendants' TCEQ submissions and the spreadsheets behind their potential-to-emit ("PTE") calculations; communications about whether formaldehyde was counted in those calculations and whether the plants' PTE, alone or combined, falls below 50 tons per year; documents identifying the trailer-mounted engines; installation dates, operating records, and monitoring data; and complete emission-test results. ECF No. 36-7 at 13–14; ECF No. 36-8 at 13–14. Four of them ask, at least in part, only for documents "sufficient to show" a fact. *Id.* Defendants have since produced the agreements, so this motion does not seek an order on Request No. 1 to either Defendant.

**The Court's orders.** On November 16, the Court entered the parties' agreed Confidentiality and Protective Order. ECF No. 40. Defendants had asked the Court to defer all discovery until it resolved the motion to dismiss and the preliminary-injunction motion. They argued that the latter "will be decided on the record the parties are already developing," ECF No. 37 at 6, and that the trailer-mounted engines are "temporary nonroad engines" "outside the scope" of this case, *id.* at 4–5. On November 17, the Court denied that request. It held that Defendants "have not demonstrated good cause for staying the governing rules of procedure," and that a pending motion to dismiss "is not in itself good cause." ECF No. 48 at 2. The Court set an initial pretrial conference for January 11, 2027. Because neither pending motion had been set for

hearing, it declined to "further expedite these procedures." *Id.* at 3. Two days later, the Court set the preliminary-injunction motion for hearing on December 15, 2026. ECF No. 50.

**Defendants' November 16 responses.** Defendants' responses to the preliminary-injunction motion rest in part on evidence only Defendants hold.

*TCEQ's "determinations."* VoltaGrid's separate-source defense rests on its environmental director's account of a September 18, 2024 meeting and a September 2025 telephone call with TCEQ staff. Bracken Decl. ¶¶ 7, 13, ECF No. 46-1. No notes or written determination are attached.

*Formaldehyde and the test data.* VoltaGrid says its volatile organic compound ("VOC") figures always included formaldehyde through an approximate 20–25% "safety factor." It also says stack testing confirms that it is a minor source. *Id.* ¶¶ 8, 14, 18, 22; VoltaGrid Resp. 22–23, ECF No. 46. But it attached only "[r]elevant excerpts" of the test reports. Bracken Decl. ¶¶ 18, 22. Those excerpts raise questions of their own. The report for one engine contains another engine's summary table. *Compare* ECF No. 46-1 at 164, *with id.* at 180. Two engines tested above the nitrogen oxides ("NOx") rate VoltaGrid says it derived "from test data." *Compare id.* at 51, 55, *with id.* at 76, 140. And in a permit proceeding before the Georgia Environmental Protection Division for a different VoltaGrid plant, VoltaGrid relied on earlier "performance test data conducted on six (6) Jenbacher J620 engines" at its Omicron plant (SAT-1) in October 2025, ECF No. 35-17 at 13, data that is not before this Court.[1]

*The trailer-mounted engines.* A week after calling the trailers "outside the scope" of this case, Defendants admitted that they power the Rogers Road data center. Harvey Decl. ¶ 13, ECF

[1] Test results could not change the analysis in any event. Potential to emit is a source's "maximum capacity . . . to emit a pollutant under its physical and operational design," and it is determined before construction; a source cannot test its way out of nonattainment new source review after the fact. 40 C.F.R. § 51.165(a)(1)(iii); 30 Tex. Admin. Code § 116.12(29). Plaintiffs seek the test data because Defendants rely on it to tell the Court the plants are minor sources.

No. 47-2. Defendants have not identified the engines or disclosed their emissions, installation dates, or whether they have and are using pollution controls. Their "nonroad engine" defense depends on how long the engines have stayed and will stay at one location. *See* 40 C.F.R. § 1068.30.

**Plaintiffs' request for agreement.** On the morning of November 23, 2026, Plaintiffs' counsel emailed and called counsel for the Vantage Defendants and counsel for VoltaGrid. The email described the requests for production and the supplemental request at issue in this motion and the proposed schedule, offered to file an agreed motion if Defendants would produce on that schedule, invited Defendants to identify any items or dates they would accept, and asked for their positions by 2:00 p.m. Central that day. Defendants' counsel had not responded when this motion was filed.

## LEGAL STANDARD

A party may seek discovery before the Rule 26(f) conference "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). The Court may shorten the time to respond to document requests. Fed. R. Civ. P. 34(b)(2)(A).

The Fifth Circuit has not adopted a standard for expedited discovery. District courts in this Circuit ask whether the movant has shown good cause, considering "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011) (emphasis omitted) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)) (collecting cases). Courts commonly consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 239 n.4 (internal quotation marks omitted). The

requests should be "narrowly tailored in scope." *Id.* at 240. Courts in this District have granted expedited discovery so that the parties can prepare for a preliminary-injunction hearing. *See Lonestar Airport Holdings, LLC v. City of Austin*, No. 1:22-cv-00770-RP, 2022 WL 16727727, at *2–3 (W.D. Tex. Nov. 4, 2022) (finding good cause for limited document discovery because "a preliminary injunction hearing is pending" and the requests, as narrowed, were "tailored to the preliminary injunction issues"); *Miner, Ltd. v. Anguiano*, 383 F. Supp. 3d 682, 692–93 (W.D. Tex. 2019) (noting that the court granted the plaintiff's motion to expedite discovery "in order to prepare for a hearing on the motion for a preliminary injunction").

## ARGUMENT

### I. Each Factor Supports Limited Expedited Discovery.

#### A. The preliminary-injunction motion is set for hearing on December 15.

The first factor is satisfied. Plaintiffs' motion is fully briefed, ECF Nos. 35, 46, 47, 53-1, and set for hearing on December 15, ECF No. 50. The harm it seeks to prevent is ongoing: VoltaGrid's engines run whenever the data centers draw power. Bracken Decl. ¶¶ 12, 25. Ten registered engines at Rogers Road are installed and awaiting operation. *Id.* ¶ 17.

The Court has also set December 11, 2026, as the deadline for new hearing exhibits and for objections to them. ECF No. 52 at 3. To use any of the requested documents at the hearing, Plaintiffs must receive them early enough to review them and identify the ones they will offer by that date. On the ordinary schedule, the documents would arrive more than a month after that deadline.

#### B. The discovery is narrow and targets facts Defendants themselves put at issue.

Discovery extends to any nonprivileged matter "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Each request is tied to a defense or a factual assertion in Defendants' November 16 filings.

The twelve remaining document requests were drafted around these issues before Defendants responded, and Defendants' filings confirm their relevance. VoltaGrid's Request 3 reaches its communications with TCEQ about whether its plants' PTE falls below 50 tons per year, alone or combined, the subject of Mr. Bracken's account of TCEQ's "determinations." Bracken Decl. ¶¶ 7, 13. VoltaGrid's Requests 2, 3, and 8 and Vantage's Request 2 reach the calculations, formaldehyde communications, and complete test results behind VoltaGrid's safety-factor and test-data arguments. *Id.* ¶¶ 8, 14, 18, 22. VoltaGrid's Request 4 and Vantage's Request 5 reach the trailer-mounted engines and the facts on which Defendants' "nonroad" defense depends. Harvey Decl. ¶ 13; ECF No. 37 at 4–5. VoltaGrid's Requests 5 through 7 and Vantage's Requests 3, 4, and 6 reach the installation dates, operating records, and monitoring data underlying Defendants' accounts of when and how the engines run. Bracken Decl. ¶¶ 12, 17, 25.

One supplemental request, set out in Attachment A, asks each Defendant for the documents its declarants reviewed or relied on in preparing their declarations, to the extent those documents have not already been filed or produced. Defendants chose to answer the motion with declarations summarizing records the Court has not seen, including Mr. Bracken's account of conversations with TCEQ staff and "relevant excerpts" of the stack-test reports. Bracken Decl. ¶¶ 7, 13, 18, 22. The documents behind those declarations are the most direct way to test them.

**C. The purpose is to test Defendants' evidence before the Court relies on it.**

Defendants told the Court that the preliminary-injunction motion "will be decided on the record the parties are already developing." ECF No. 37 at 6. They then built that record from summaries and excerpts of documents they alone hold: a description of conversations with no record and "relevant excerpts" of test reports.

Expedited discovery is appropriate when the record bearing on preliminary relief is in one party's hands. Plaintiffs do not seek discovery on the merits generally. They seek the documents underlying the specific factual assertions on which Defendants ask the Court to deny relief.

**D. The burden is modest.**

The documents sought are identified and largely assembled. Defendants reviewed them to prepare their declarations and filed excerpts of the test reports. Four of the twelve requests seek, at least in part, only documents "sufficient to show" a fact. The supplemental request reaches only documents Defendants' declarants already reviewed or relied on, and only to the extent they have not already been filed or produced. Confidentiality is no obstacle: the Court has entered the parties' agreed protective order, which provides for "Confidential" and "Attorneys' Eyes Only" designations. ECF No. 40.

**E. The December 11 exhibit deadline makes the ordinary schedule unworkable.**

Without an order, the parties must hold their Rule 26(f) conference by December 21, 2026, twenty-one days before the January 11 conference. Fed. R. Civ. P. 26(f)(1); ECF No. 48 at 3. Plaintiffs' early requests would be considered served on that date, and responses would be due thirty days later, in late January 2027. Fed. R. Civ. P. 26(d)(2)(B), 34(b)(2)(A). That is more than a month after the hearing. It is also more than a month after December 11, the date by which the Court requires new hearing exhibits to be pre-marked and submitted. ECF No. 52 at 3.

The Court's November 17 order does not counsel otherwise. The Court declined to expedite case management because neither pending motion had then been set for hearing. ECF No. 48 at 3. The preliminary-injunction motion now has been. ECF No. 50. Plaintiffs are not asking to accelerate case management generally. They ask only for the documents needed to decide a pending motion on a fair record, in time to identify them as exhibits by the Court's December 11 deadline.

## II. Requested Relief.

Plaintiffs ask the Court to order each Defendant to serve written responses to Plaintiffs' First Requests for Production (ECF Nos. 36-7, 36-8), other than Request No. 1 to each Defendant, and to the Supplemental Request in Attachment A, and to produce all responsive documents, no later than December 4, 2026, or five days after the Court's order, if later. That date gives Plaintiffs one week to review the documents and identify their hearing exhibits by December 11. ECF No. 52 at 3. Confidential material may be designated and produced under the Protective Order. ECF No. 40. Because of the hearing date, Plaintiffs also ask the Court to rule on this motion on an expedited basis.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and enter the attached proposed order.

Dated: November 23, 2026

Respectfully submitted,

/s/ Kenneth J. Rumelt

Kenneth J. Rumelt (VT Bar No. 4801)*
Environmental Integrity Project
888 17th St., NW, Suite 810
Washington, D.C. 20006
krumelt@environmentalintegrity.org
Phone: 202-888-2707

Gabriel Clark-Leach (TX Bar No. 24069516)
Environmental Integrity Project
98 San Jacinto Blvd., Suite 400
Austin, Texas 78701
gclark-leach@environmentalintegrity.org
Phone: 202-263-4440

Attorneys for Plaintiffs
* Admitted pro hac vice

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g) and Section 2(b) of the Court's Standing Order (ECF No. 11), on the morning of November 23, 2026, counsel for Plaintiffs emailed and called counsel for the Vantage Defendants and counsel for VoltaGrid LLC to confer about the relief requested in this motion and asked for their positions by 2:00 p.m. Central that day. Counsel for Defendants did not respond before this motion was filed after normal business hours. Because Defendants previously asked the Court to defer all discovery, ECF No. 37, Plaintiffs present the motion as opposed.

/s/ Kenneth J. Rumelt

## CERTIFICATE OF SERVICE

I certify that on November 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Kenneth J. Rumelt

## ATTACHMENT A: SUPPLEMENTAL REQUEST FOR PRODUCTION

This request incorporates the definitions in Plaintiffs' First Requests for Production. ECF Nos. 36-7, 36-8.

**Supplemental Request No. 1 (to each Defendant).** To the extent not already filed or produced, the documents each of Your declarants reviewed or relied on in preparing a declaration filed with Your response to Plaintiffs' Amended Motion for Preliminary Injunction (ECF Nos. 46, 47).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PUBLIC CITIZEN and SIERRA CLUB, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, VANTAGE DATA CENTERS TX11, LLC, VANTAGE DATA CENTERS TX21, LLC, and VOLTAGRID LLC, | § § § § | No. 5:26-cv-06032-JKP-ESC |
| | § | |
| Defendants. | § | |
| | § | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY**

Before the Court is Plaintiffs' Opposed Motion for Limited Expedited Discovery [#__]. Having considered the motion, the response, and the record, and in light of the December 15, 2026 hearing on Plaintiffs' Amended Motion for Preliminary Injunction [#35, #50], the Court finds good cause to permit limited expedited document discovery on the issues raised in the briefing on that motion. *See* Fed. R. Civ. P. 26(d)(1), 34(b)(2)(A).

IT IS THEREFORE ORDERED that the motion is GRANTED as follows:

1. By December 4, 2026, or five (5) days after the date of this Order, whichever is later, each Defendant shall serve written responses to Plaintiffs' First Requests for Production [#36-7, #36-8], other than Request No. 1 to each Defendant, and the Supplemental Request for Production attached to Plaintiffs' motion, and shall produce all responsive documents. Each objection shall state with specificity its grounds and whether any responsive materials are being withheld on that basis. Fed. R. Civ. P. 34(b)(2)(B)–(C).

2. Confidential material may be designated and produced under the Confidentiality and Protective Order [#40].

3. Documents produced under this Order may be used at the December 15, 2026 hearing, subject to the December 11, 2026 deadline for new hearing exhibits and objections in the Court's Order Regarding Hearing [#52]. Material designated under the Protective Order may be filed under seal.

4. The hearing set for December 15, 2026 remains as scheduled.

IT IS SO ORDERED.

SIGNED this ____ day of ____________, 2026.

______________________________________

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE